801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Clifton JOHNSON, Plaintiff-Appellant,
v.
STATE OF MARYLAND, Defendant-Appellee.
 No. 86-6646.
 United States Court of Appeals,
Fourth Circuit.
 Submitted July 30, 1986.
Decided Sept. 16, 1986.
 
 Robert Clifton Johnson, appellant pro se.
 Stephen Howard Sachs, Office of the Attorney General and C. Frederick Ryland, for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Clifton Johnson, an involuntarily-committed patient in a mental institution, appeals the judgment of the district court denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Because we find that Johnson has not exhausted his available state remedies on his claims, as required by 28 U.S.C. Sec. 2254(b) and (c), and by Rose v. Lundy, 455 U.S. 507 (1982), we vacate the judgment below.
 
 
 2
 In his petition Johnson claims that he was denied due process by virtue of his plea of not guilty by reason of insanity to a criminal charge, and by his subsequent commitment to a mental institution upon an adjudication in accord with his plea. Johnson challenges the sufficiency of the factual basis supporting the adjudication. Johnson also advances a claim relating to a misplaced court order. Although Johnson has sought judicial release in the Maryland state courts on several occasions without success, he has not presented to the state courts the claims that he advances in his federal petition. His earlier petitions for judicial release were brought pursuant to section 10-805 of the Annotated Code of Maryland, Health-General. A petition for release under that section seeks to convince the trier of fact that the petitioner no longer suffers from a mental disorder and is no longer in need of inpatient medical care or treatment. Such a proceeding does not, however, challenge the validity or constitutionality of the original commitment, as Johnson attempts to do in his federal petition.
 
 
 3
 An individual, involuntarily-committed to a mental institution, may challenge the original commitment in the federal courts through a petition for a writ of habeas corpus. The individual must first, however, exhaust available state remedies. See Miller v. Blalock, 356 F.2d 273 (4th Cir.1966). Maryland has made its courts available to consider petitions for writs of habeas corpus from individuals challenging the legality of a commitment to a mental institution. Section 10-8.04 of the Annotated Code of Maryland, Health-General, provides in part:
 
 
 4
 (a) Right of Individual.--Any individual who to a facility or Veterans' Administration hospital or any person on behalf of the individual may apply at any time to a court of competent jurisdiction for a writ of habeas corpus to determine the cause and the legality of the detention.
 
 
 5
 A similar right exists under sections 3-701 and 3-702 of the Annotated Code of Maryland, Courts and Judicial Proceedings. An involuntary commitment is a deprivation of liberty under the Fourteenth Amendment which the state cannot accomplish without due process of law., 604 F.2d 271 (4th Cir.1979) (citing O'Connor v. Donaldson, 422 U.S. 563, 580 (1975) (Burger, C.J., concurring) ). Because Johnson has not yet presented his claims to the Maryland state courts through a state petition for habeas corpus in order to afford Maryland the first opportunity to review them, he has not exhausted his state court remedies. Until the claims are exhausted in state courts, federal review is precluded.
 
 
 6
 Accordingly, we grant a certificate of probable cause to appeal, vacate the judgment below and remand the case with instructions to dismiss the case without prejudice for petitioner's failure to exhaust state remedies. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 VACATED AND REMANDED